**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
　　　　　　　　　　　　(State)

Case number (*if known*): _____ Chapter __11__

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 　04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | |
|---|---|
| 1. **Debtor's name** | Nellix, Inc. |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

_____
_____
_____
_____

3. **Debtor's federal Employer Identification Number (EIN)**　　9 4 – 3 3 9 8 4 1 6

4. **Debtor's address**

**Principal place of business**

2　　Musick
Number　Street

Irvine　　　　CA　92618
City　　　　State　ZIP Code

Orange
County

**Mailing address, if different from principal place of business**

_____
Number　Street

_____
P.O. Box

_____
City　　　State　ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number　Street

_____

_____
City　　　State　ZIP Code

5. **Debtor's website** (URL)　　https://endologix.com/

Debtor    Nellix, Inc.
_____      Case number *(if known)*_____
Name

---

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   3   3   9   1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply:*

  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ☐ A plan is being filed with this petition.

  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

---

Debtor  Nellix, Inc.
_____Name_____     Case number (*if known*)_____

| | |
|---|---|

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No
☐ Yes.  District _____ When _____ Case number _____
                                                      MM / DD / YYYY
            District _____ When _____ Case number _____
                                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes.  Debtor  **See Annex 1**_____  Relationship  **Affiliate**_____
            District  **Northern District of Texas**_____  When  07/05/2020_____
                                                                              MM / DD / YYYY
            Case number, if known  _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                         Number        Street
            _____
            _____  _____
            City                                           State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

            Contact name _____

            Phone _____

| | |
|---|---|

**Statistical and administrative information**

Debtor    Nellix, Inc.                 Case number *(if known)*_____
_____
Name

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|
| | | ☒ Funds will be available for distribution to unsecured creditors. |
| | | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| 14. | **Estimated number of creditors** | ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☐ 200-999 | | |

| 15. | **Estimated assets** | ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|
| | | I have been authorized to file this petition on behalf of the debtor. |
| | | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   07/ 05/2020
           MM / DD / YYYY

✗ */s/ John Onopchenko*                      John Onopchenko
Signature of authorized representative of debtor          Printed name

Title   Chief Executive Officer

Debtor     Nellix, Inc.
           _____          Case number (*if known*)_____
           Name

**18. Signature of attorney**     ✗ */s/ Andrew B. Zollinger*          Date   07/  05/2020
                                   _____              _____
                                   Signature of attorney for debtor         MM  / DD / YYYY

                                   Andrew B. Zollinger, Esq.
                                   _____
                                   Printed name
                                   DLA Piper LLP (US)
                                   _____
                                   Firm name
                                   1900       North Pearl Street, Suite 2000
                                   _____
                                   Number     Street
                                   Dallas                                    TX        19801
                                   _____     _____   _____
                                   City                                      State     ZIP Code

                                   (214) 743-4545                            andrew.zollinger@dlapiper.com
                                   _____     _____
                                   Contact phone                            Email address

                                   24063944                                  TX
                                   _____     _____
                                   Bar number                               State

**ANNEX 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of their cases, with the lead case number assigned to the chapter 11 case of TriVascular Sales LLC.

| Entity Name | Federal Employer Identification Number (FEIN) |
|---|---|
| TriVascular Sales LLC | 46-0859179 |
| Endologix, Inc. | 68-0328265 |
| CVD/RMS Acquisition Corp. | 33-0928438 |
| TriVascular Technologies, Inc. | 87-0807313 |
| RMS/Endologix Sideways Merger Corp. | 03-0512974 |
| Nellix, Inc. | 94-3398416 |
| TriVascular, Inc. | 68-0402620 |
| Endologix Canada, LLC | 47-2442872 |

## SECRETARY'S CERTIFICATE

Dated:  July 4, 2020

I, Tim Brady, Corporate Secretary of Endologix, Inc., a Delaware corporation ("Endologix"), do hereby certify as follows:

i.    I am a duly elected, qualified, and acting officer of Endologix, and as such am familiar with the facts herein and I am duly authorized to certify the same on behalf of Endologix.

ii.    Attached hereto is a true, correct, and complete copy of the resolutions duly adopted by the Governing Body of each Company (as such terms are defined herein) on the date hereof, in accordance with the bylaws or operating agreements of such Company and in accordance with the requirements of applicable law.

iii.    Such resolutions have not been amended, modified, annulled, revoked, or rescinded and are in full force and effect as of the date hereof.

**IN WITNESS WHEREOF**, I have hereunto signed my name on the date first written above.

By: _____

Name:  Tim Brady

Title:  Corporate Secretary

**RESOLUTIONS OF (I) THE MEMBERS OF THE BOARD OF DIRECTORS OF ENDOLOGIX, INC., CVD/RMS ACQUISITION CORP., TRIVASCULAR TECHNOLOGIES, INC., RMS/ENDOLOGIX SIDEWAYS MERGER CORP., NELLIX, INC., AND TRIVASCULAR, INC.; AND (II) THE MANAGERS OF TRIVASCULAR SALES LLC AND ENDOLOGIX CANADA, LLC**

Dated:  July 4, 2020

Effective as of the date written above, the undersigned, being all of (i) the members of the Board of Directors (the "Board") of Endologix, Inc., a Delaware corporation ("Endologix"), CVD/RMS Acquisition Corp., a Delaware corporation ("CVD/RMS"), TriVascular Technologies, Inc., a Delaware corporation ("Technologies"), RMS/Endologix Sideways Merger Corp., a Delaware corporation ("Sideways"), Nellix, Inc., a Delaware corporation ("Nellix"), TriVascular, Inc., a California corporation ("TriVascular"); and (ii) the managers (the "Managers" and together with the Board, collectively, the "Governing Bodies" and each, a "Governing Body") of TriVascular Sales LLC, a Texas limited liability company ("Sales"), and Endologix Canada, LLC, a Delaware limited liability company ("Canada" and together with Endologix, CVD/RMS, Technologies, Sideways, Nellix, TriVascular and Sales, the "Companies" and each, a "Company"), do hereby consent to the following actions and adopt the following resolutions pursuant to the bylaws, limited liability company agreements and the laws of the state of formation or organization of each Company:

**WHEREAS**, Endologix is party to that certain Forbearance Agreement and Amendment to Facility Agreement, dated as of May 26, 2020, as amended, under which Deerfield Private Design Fund IV, L.P., as agent (the "Term Loan Agent") under that certain Amended and Restated Facility Agreement, dated as of August 9, 2018 (as amended, modified or supplemented from time to time, the "Prepetition Facility Agreement"), agreed to forbear from exercising certain default-related rights and remedies against Endologix with respect to certain specified defaults under the Prepetition Facility Agreement through July 8, 2020;

**WHEREAS**, Endologix is party to that certain Forbearance Agreement and Amendment to Credit Agreement, dated as of May 26, 2020, as amended, under which Deerfield ELGX Revolver, LLC, as agent (the "ABL Agent") under that certain Credit Agreement, dated as of August 9, 2018  (as amended, modified or supplemented from time to time, the "Prepetition Credit Agreement"), agreed to forbear from exercising certain default-related rights and remedies against Endologix with respect to certain specified defaults under the Prepetition Credit Agreement through July 8, 2020;

**WHEREAS**, after conducting a robust marketing process, the Companies' senior management and legal, financial and other advisors engaged in arm's length, good faith negotiations with the Term Loan Agent, the ABL Agent and the lenders under the Prepetition Facility Agreement and Prepetition Credit Agreement (collectively, "Deerfield"), with respect to a Restructuring Support Agreement (the "RSA"), which contemplates, among other things, a reorganization and recapitalization of the Companies pursuant to a plan of reorganization to be filed in chapter 11 cases (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of

1

the United States Code (the "<u>Bankruptcy Code</u>") before the United States Bankruptcy Court for the Northern District of Texas (the "<u>Bankruptcy Court</u>");

**WHEREAS**, in accordance with the RSA, the Companies' senior management and legal, financial and other advisors engaged in good faith negotiations with Deerfield and drafted the *Debtors' Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (as amended, modified or revised from time to time, the "<u>Plan</u>") and related *Disclosure Statement for the Debtors' Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code* (as amended, modified or revised from time to time, the "<u>Disclosure Statement</u>");

**WHEREAS**, the Board previously established a special restructuring committee of the Board (the "<u>Restructuring Committee</u>") to evaluate possible restructuring transactions;

**WHEREAS**, the Restructuring Committee has received, reviewed and considered the recommendations of the Companies' senior management and legal, financial and other advisors as to the relative risks and benefits of pursuing chapter 11 proceedings;

**WHEREAS**, the Restructuring Committee has received, reviewed and evaluated the proposed RSA, Plan and Disclosure Statement, substantially in the forms presented to the Restructuring Committee in advance of the date hereof;

**WHEREAS**, the Restructuring Committee has unanimously determined that it is advisable and in the best interests of the Companies, their creditors, interest holders and other interested parties to enter into the RSA, commence the Chapter 11 Cases and pursue confirmation of the Plan;

**WHEREAS**, in connection with the Chapter 11 Cases, the Restructuring Committee and the compensation committee of the Board (the "<u>Compensation Committee</u>") have reviewed the terms and conditions of a key employee incentive plan ("<u>KEIP</u>") and key employee retention plan ("<u>KERP</u>"), substantially in the forms presented to the Compensation Committee and Restructuring Committee in advance of the date hereof, and considered the advantages of the KEIP and KERP and the effect such plans will have on the business of the Companies;

**WHEREAS**, the Restructuring Committee and the Compensation Committee have unanimously determined that it is advisable and in the best interests of the Companies, their creditors, interest holders, and other interested parties to adopt the KEIP and KERP;

**WHEREAS**, the Board has received, reviewed and considered the recommendations of the Restructuring Committee and the Compensation Committee as well as the Companies' senior management and legal, financial and other advisors regarding, among other things, (i) the potential present and future liabilities of the Companies, the strategic alternatives available to them, and the impact of the foregoing on the Companies' business; (ii) the proposed restructuring and recapitalization transactions contemplated in the RSA, Plan and Disclosure Statement, and the transactions contemplated thereby; (iii) the DIP Loan Documents and DIP Financing Transactions (as defined below); and (iv) the advantages and effects of the KEIP and KERP;

**WHEREAS**, the Governing Bodies, on behalf of the Companies, have determined that it is in the best interests of the Companies, their creditors, interest holders, and other interested parties

to enter into the RSA, commence the Chapter 11 Cases, pursue confirmation of the Plan and consummate the transactions set forth below; and

**NOW, THEREFORE, IT IS HEREBY:**

_**Approval of Bankruptcy Filing**_

      **RESOLVED**, that in the judgment of the Governing Bodies, it is advisable and in the best interests of the Companies, their creditors, interest holders and other interested parties that the Companies are authorized to file or cause to be filed voluntary petitions under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

      **RESOLVED**, that John Onopchenko, the Companies' Chief Executive Officer, Cindy Pinto, the Companies' Interim Chief Financial Officer, and such other officer(s) that the Companies shall from time to time designate (each, an "Authorized Officer" and collectively, the "Authorized Officers"), are hereby authorized, empowered and instructed to cause preparation of voluntary petitions for relief under chapter 11 of the Bankruptcy Code on behalf of the Companies; and it is further

      **RESOLVED**, that, upon preparation, such Authorized Officers are hereby authorized, on behalf of and in the name of the Companies, to cause such voluntary petitions to be executed, and verified in such form as such Authorized Officers, with advice of counsel, deem appropriate and that upon execution such Authorized Officers, with advice of counsel, are hereby authorized to cause such petitions to be filed with the Bankruptcy Court to commence the Chapter 11 Cases; and it is further

      **RESOLVED**, that the Authorized Officers are authorized to negotiate, execute, deliver and file with the Bankruptcy Court (or direct others to do so on behalf of the Companies) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings, orders and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, accountants or other professionals and to take any and all actions that they deem necessary and proper in connection with the Chapter 11 Cases; and it is further

      **RESOLVED**, that, following commencement of the Chapter 11 Cases, the Authorized Officers are hereby authorized, on behalf of and in the name of the Companies, to seek confirmation of the Plan and to effectuate the transactions contemplated therein; and it is further

_**Restructuring Support Agreement**_

      **RESOLVED**, that in the judgment of the Governing Bodies, it is desirable and in the best interests of the Companies, their creditors, interest holders, and other interested parties, that the Companies enter into the RSA, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is further

**RESOLVED**, that the Authorized Officers are empowered, authorized and directed, with full power of delegation, on behalf of the Companies, to cause the Companies to negotiate, execute, and deliver the RSA and any related documents contemplated thereby, in such form and with such changes and amendments as such Authorized Officer shall approve as necessary or desirable;

### *Debtor-in-Possession Financing*

**RESOLVED**, that with respect to each Company, as a debtor and debtor-in-possession under the Chapter 11 Cases shall be, and hereby is, authorized to: (a) undertake any and all transactions contemplated in each of the DIP Loan Documents (as defined below) to which such Company is a party, on substantially the terms and subject to the conditions as set forth in the DIP Loan Documents or as may hereafter be fixed or authorized by each of the Authorized Officers, acting alone or with one or more other Authorized Officers, (b) borrow funds, provide guaranties, and undertake any and all related transactions contemplated thereby, (c) satisfy certain obligations with the proceeds thereof (collectively, the "DIP Financing Transactions") with such Lenders (as defined below) and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of such Companies, (d) execute and deliver and cause such Company to incur and perform its obligations under the DIP Loan Documents and DIP Financing Transactions, (e) obtain entry of interim and final orders of the Bankruptcy Court approving the DIP Financing Transactions; (f) finalize the DIP Loan Documents and DIP Financing Transactions, consistent in all material respects with those that were previously presented to the Governing Bodies, with such changes, additions, and modifications thereto as any such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and (g) pay related fees and grant security interests in and liens upon some, any or all of such Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such DIP Loan Documents and DIP Financing Transactions; and it is further

**RESOLVED**, that with respect to each Company, each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor-in-possession, to (a) take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver, and cause each Company to incur and perform its obligations under (i) the Secured Priming Delayed Draw Term Loan Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), by and among Endologix, as borrower, the other Loan Parties (as defined in the DIP Credit Agreement) party thereto from time to time, Deerfield Private Design Fund IV, LP, as agent for itself and the Lenders (as defined in the DIP Credit Agreement) (in such capacity, together with its successors and assigns in such capacity, the "DIP Agent"), (ii) the other Loan Documents (as defined in the DIP Credit Agreement), and (iii) all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit, or other credit support with proceeds from the DIP Loan Documents) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers, or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Loan Documents and the DIP Financing

Transactions (collectively, the "DIP Loan Documents"), (b) incur and pay or cause to be paid all fees and expenses related to the DIP Loan Documents and DIP Financing Transactions, and (c) engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof; and it is further

**RESOLVED**, that the form, terms, and provisions of the DIP Loan Documents be, and the same hereby are in all respects approved, and that with respect to each Company, any Authorized Officers are hereby authorized and empowered, in the name of and on behalf of such Company, to execute and deliver and to execute and file each of the DIP Loan Documents to which such Company is a party, each substantially in the form previously submitted to the Governing Bodies, with such changes, additions, and modifications thereto as the Authorized Officers of such Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is further

**RESOLVED**, that with respect to each Company, each of the Authorized Officers be, and each of them hereby are, authorized and empowered to authorize the DIP Agent to file any UCC financing statements and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a blanket, generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize filings in respect of intellectual and other property of such Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents; and it is further

**RESOLVED**, that with respect to each Company, each of the Authorized Officers be, and hereby are, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any of the DIP Loan Documents or any revised budgets or any of the other DIP Loan Documents, and to execute and file on behalf of such Company all schedules, lists, motions, budgets, papers, or documents, which shall in his or her sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or her execution thereof; it is further

### *KEIP and KERP*

**RESOLVED**, that the KEIP and KERP are authorized, adopted and approved in all respects, subject to approval thereof by the Bankruptcy Court; and it is further

### *Retention of Advisors*

**RESOLVED**, that the Authorized Officers are hereby authorized and directed to retain on behalf of the Companies, upon such terms and conditions as the Authorized Officers shall approve, subject to Bankruptcy Court approval, the following professionals (collectively, the "Professionals") to represent the Companies in connection with the Chapter 11 Cases:

- DLA Piper LLP (US), as the Companies' bankruptcy counsel;

- FTI Consulting, Inc., as the Companies' financial advisor;

- Jeffries, LLC, as the Companies' investment banker; and

- Omni Agent Solutions, as the Companies' noticing, claims, and solicitation agent.

**RESOLVED**, that with respect to the Professionals, the Authorized Officers are hereby authorized and directed to (i) execute retention agreements and pay retainers prior to and immediately upon the filing of the Chapter 11 Cases, (ii) continue to periodically replenish, as required, the retainers previously paid by the Companies to the Professionals on account of the services rendered or to be rendered by them, and (iii) cause to be filed applications of authority to retain the Professionals; and it is further

**RESOLVED**, that the Authorized Officers are authorized and directed to employ any other firms as professionals or consultants to the Companies that are deemed necessary to represent and assist the Companies in carrying out the duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers of the Companies are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases and cause to be filed appropriate applications for authority to retain the services of such firms; and it is further

### General Authorization and Ratification

**RESOLVED**, that, to the fullest extent allowed by applicable law, any and all past actions heretofore taken by any Authorized Officers, in the name and on behalf of the Companies, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is further

**RESOLVED**, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Companies, under the Companies' corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Companies, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions, the RSA, the Plan, the Disclosure Statement and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Cases, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Companies.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name <u>Nellix, Inc.</u>

United States Bankruptcy Court for the: <u>Northern District of Texas</u>
                                 (State)

Case number (if known): _____

☐ Check if this is
an amended
filing

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, N.A. as Indenture Trustee of the 5% Mandatory Convertible Notes due 2024 c/o Endologix Account Manager 50 S. 6th Street, Suite 1290 Minneapolis, MN 55402 | | Unsecured Notes | | | | Unknown |
| 2 | Wilmington Trust, N.A. as Indenture Trustee of the 5% Voluntary Convertible Notes due 2024 c/o Endologix Account Manager 50 S. 6th Street, Suite 1290 Minneapolis, MN 55402 | | Unsecured Notes | | | | Unknown |

1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3 | Bank of America, N.A. 701 B Street, #1600 San Diego, CA 92101 | Patrick Loughlin 619- 515-7517 patrick.loughlin@bofa.com | PPP Loan | | | | $9,812,727.00 |
| 4 | Japan Lifeline Co Ltd Tennoz Ocean Square 25F, 2-2-20 Tokyo, Japan 140-0002 | 03-6711-5200 | Unsecured Notes | | | | $4,280,500.00 |
| 5 | Maine Medical Center c/o AP Shared Services Dept. 22 Bramhall Street Portland, OR 04102 | AP Shared Services Dept. 207-662-0111 | Patient Reimbursement | | | | $885,445.19 |
| 6 | FedEx P.O. Box 7221 Pasadena, CA 91109 | 888-780-4580 customersolutions@fedex.com | Trade Claim | | | | $592,759.54 |
| 7 | Stradling, Yocca, Carlson & Rauth 660 Newport Center Dr., # 1600 Newport Beach, CA 92660 | 949-725-4019 | Professional Services | | | | $285,842.40 |
| 8 | OSCOR, Inc. 3816 Desoto Blvd. Palm Harbor, FL 34683 | 727-937-2577 sales@oscor.com | Trade Claim | | | | $249,020.52 |
| 9 | LinkedIn Corporation 62228 Collections Center Drive Chicago, IL 60693-0622 | 855-655-5653 | Trade Claim | | | | $155,042.76 |
| 10 | Wells Fargo Bank, N.A., as Indenture Trustee of the 3.25% Convertible Senior Notes due 2020 P.O. Box 1450 Los Angeles, CA 90071 | 213-253-7508 | Unsecured Notes | | | | $150,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 11 | Robert C. Griffin c/o Springer & Steinberg, P.C. 1600 Broadway, Suite 1200 Johnson City, CO 80202 | Matthew M. Holycross, Esq. 303-861-2800 mholycross@springersteinberg.com | Litigation | C, U, D | | | Unknown |
| 12 | Kevin Neve, Sr. c/o Thomas C. Jessee, Esq. P.O. Box 997 Johnson City, TN 37605 | Thomas C. Jessee, Esq. 423-928-7175 jjlaw@jesseeandjessee.com | Litigation | C, U, D | | | Unknown |
| 13 | David Begala c/o Thomas C. Jessee, Esq. P.O. Box 997 Johnson City, TN 37605 | Thomas C. Jessee, Esq. 423-928-7175 jjlaw@jesseeandjessee.com | Litigation | C, U, D | | | Unknown |
| 14 | Dr. Thomas J. Fogarty c/o David A. Levine, Esq. 2400 Geng Road, Suite 120 Palo Alto, CA 94303 | David A. Levine, Esq. 650-242-4210 | Litigation | C, U, D | | | Unknown |
| 15 | Kaiser Permanente c/o Rawlings & Associates, PLLC 1 Eden Parkway LaGrange, KY 40031 | Robert C. Griffith, Esq. | Litigation | C, U, D | | | Unknown |
| 16 | Dr. Andrew Kerr c/o Charles W. Saber 2029 Century Park East, 6th Floor Washington, D.C. 20006 | Charles W. Saber, Esq. 202-420-2200 csaber@blankrome.com | Litigation | C, U, D | | | Unknown |
| 17 | Richard Heuser c/o Peter E. Heuser, Esq. 1211 SW Fifth Avenue, Suite 1900 Portland, OR 97204 | Peter E. Heuser, Esq. pheuser@schwabe.com | Litigation | C, U, D | | | Unknown |

3

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | James Hayes<br>c/o Burg Simpson, P.C.<br>201 E. Fifth Street, Suite 1340<br>Cincinnati, OH 45202 | Janet G. Abaray, Esq.<br>513-852-5600 | Litigation | C, U, D | | | Unknown |
| 19 | Michael Lakey<br>c/o Johnson, Johnson, Lucas & Middleton<br>975 Oak St., Suite 1050<br>Eugene, OR 97401 | Leslie W. O'Leary, Esq.<br>541-484-2434<br>loleary@justicelawyers.com | Litigation | C, U, D | | | Unknown |
| 20 | Donald Reed<br>c/o Johnson, Johnson, Lucas & Middleton<br>975 Oak St., Suite 1050<br>Eugene, OR 97401 | Leslie W. O'Leary, Esq.<br>541-484-2434<br>loleary@justicelawyers.com | Litigation | C, U, D | | | Unknown |
| 21 | Ronald Santoro<br>c/o Johnson, Johnson, Lucas & Middleton<br>975 Oak St., Suite 1050<br>Eugene, OR 97401 | Leslie W. O'Leary, Esq.<br>541-484-2434<br>loleary@justicelawyers.com | Litigation | C, U, D | | | Unknown |
| 22 | Raymond Stockton<br>c/o Paul D. Friedman, Esq.<br>390 E. Camelback Rd., Suite 403<br>Phoenix, AR 85016 | Paul D. Friedman, Esq.<br>602-777-7000<br>pfriedman@burgsimpson.com | Litigation | C, U, D | | | Unknown |
| 23 | Robert Salinas<br>c/o Burg Simpson, P.C.<br>8310 South Valley Highway, #270<br>Englewood, CO 80112 | Penny J. Manship, Esq.<br>303-792-5595<br>pmanship@burgsimpson.com | Litigation | C, U, D | | | Unknown |
| 24 | Charles Silversteen<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106 | Frederick S. Longer, Esq.<br>215-592-1500<br>flonger@lfsblaw.com | Litigation | C, U, D | | | Unknown |

4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | Ventois, Inc.<br>382 Boston Turnpike Suite 201<br>Shrewsbury, MA 01545 | Suman Kota<br>508-963-6613<br>skota@ventois.com | Trade Claims | | | | $66,025.00 |
| 26 | Millennium Research Group<br>PO Box 9519 Station A<br>Toronto, ON M5W 2K3 | 416-364-7776 | Trade Claims | | | | $63,500.00 |
| 27 | Qualtech Consulting Corp.<br>1 Fl., No. 13, Lane 103 Sec. 1,<br>Sinsheng South Road<br>Taipei City, Taiwan 10652 | 886-2-2740-1778<br>Irene@qualtechs.com | Trade Claims | | | | $60,838.14 |
| 28 | Baker & McKenzie<br>815 Connecticut Ave N.W.<br>Washington, D.C. 20006-4078 | 202-452-7000 | Professional Services | | | | $59,309.50 |
| 29 | Demo Arts<br>1777 Oakdale Ave West<br>St. Paul, MN 55118 | 651-450-7400 x718 | Professional Services | | | | $55,878.33 |
| 30 | Merit Medical System<br>P.O. Box 204842<br>Dallas, TX 75320-4842 | Nick Francis<br>801-208-4518<br>nick.francis@merit.com | Trade Claims | | | | $55,503.10 |

5

---

**Fill in this information to identify the case and this filing:**

Debtor Name **Nellix, Inc.**

United States Bankruptcy Court for the: **Northern** District of **Texas**
(State)

Case number (*If known*): _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  07/05/2020        ✖ */s/ John Onopchenko*
MM / DD / YYYY              Signature of individual signing on behalf of debtor

John Onopchenko
Printed name

Chief Executive Officer
Position or relationship to debtor

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TRIVASCULAR SALES LLC, *et al.*,[1] | § | Case No. 20-[●] (●) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
BANKRUPTCY RULES 1007(a)(1), 1007(a)(3) and 7001.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors (each, a "Debtor" and collectively, the "Debtors") hereby state as follows:

1. The following entities directly or indirectly own, control, or hold 5% or more of the voting securities of Debtor Endologix, Inc.: ArrowMark Colorado Holdings LLC, Corrib Capital Management, L.P., Wellington Management Co. LLP, and Vanguard Explorer Fund.

2. Debtor Endologix, Inc., whose address is 2 Musick, Irvine, California, 92618, owns 100% of the equity interests in the following Debtors:

   a. CVD/RMS Acquisition Corp.;
   b. TriVascular Technologies, Inc.;
   c. Nellix, Inc.; and
   d. RMS/Endologix Sideways Merger Corporation.

3. Debtor TriVascular Technologies, Inc., whose address is 2 Musick, Irvine, California, 92618 owns, 100% of the equity interests in Debtor TriVascular, Inc.

4. Debtor TriVascular Inc., whose address is 2 Musick, Irvine, California, 92618, owns 100% of the equity interests in the following Debtors:

   a. TriVascular Sales LLC; and
   b. Endologix Canada, LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: TriVascular Sales LLC (9179), Endologix, Inc. (8265), CVD/RMS Acquisition Corp. (8438), TriVascular Technologies, Inc. (7313), RMS/Endologix Sideways Merger Corp. (2974), Nellix, Inc. (8416), TriVascular, Inc. (2620), and Endologix Canada, LLC (2872). The corporate headquarters and the mailing address for the Debtors listed above is 2 Musick, Irvine, California 92618.

---

**Fill in this information to identify the case and this filing:**

Debtor Name __Nellix, Inc.__

United States Bankruptcy Court for the: __Northern__ District of __Texas__
(State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Security Holders Pursuant to Bankruptcy Rules 1007(A)(1), 1007(A)(3) and 7001.1__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __07/05/2020__          ✖ */s/ John Onopchenko*
          MM / DD / YYYY          Signature of individual signing on behalf of debtor

          __John Onopchenko__
          Printed name

          __Chief Executive Officer__
          Position or relationship to debtor